AT

COUNCIL BLUFFS, SEPTEMBER TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

Hon. JOSEPH M. BECK, Chief Justice.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } Judges.
" JOSEPH R. REED,
" JAMES H. ROTHROCK.

---

THE FIRST NATIONAL BANK OF ALBIA v. FREE.

1. **Promissory Note:** DEPOSIT TO PAY: DEPOSIT STOLEN: AGENCY OF DEPOSITARY: WHO TO BEAR LOSS. Plaintiff's place of business was at A., but it held defendant's note payable at the town of I., but the person or place in I. to whom payment was to be made was not designated. Defendant left enough of money to pay the note with one M. at I., and notified plaintiff thereof, whereupon plaintiff wrote to M. to bring or send the money to A. But the money was afterwards stolen from M.'s house. *Held* that the deposit with M. was not a payment of the note, and did not stop the accumulation of interest; that M. was in no sense the agent of plaintiff, and that the facts stated were no defense to an action on the note.

*Appeal from Appanoose District Court.*

THURSDAY, SEPTEMBER 24.

ACTION upon a promissory note. The defendant pleaded certain facts as constituting virtually a payment. The plaintiff demurred to the answer, and the demurrer was sustained. The defendant elected to stand upon his answer, and judgment was rendered for the plaintiff. The defendant appeals.

*Vermilion & Evans,* for appellant.

*T. B. Perry,* for appellee.

ADAMS, J.—I. The note was made payable at Iconium, Iowa. The defendant averred in his answer, in substance, that before the note became due he deposited at Iconium, with one Maiken, the amount necessary to pay the note, of which fact the plaintiff was notified; that the plaintiff, located at Albia, Iowa, then wrote to Maiken, at Iconium, in these words: "We hold a note of $147 on John Free, payable at Iconium, and we understand the money has been left with you for its payment. Next time any of you come to Albia, or if you sooner get a chance to send by a reliable party, please send it in, and oblige;" that Maiken held the money with the intent to either send it or take it to the plaintiff, but before he had an opportunity to do so his house was broken into and the money was stolen.

II. The defendant contends that the answer shows that the plaintiff adopted Maiken as its agent, and that Maiken was holding the money as such agent at the time it was stolen. But in our opinion this position cannot be sustained. The plaintiff did, it is true, propose to Maiken that he should carry or send the money to Albia. If Maiken had undertaken to do so, it may be that in doing so he would have been acting as the plaintiff's agent. But Maiken never acted nor agreed to act for the plaintiff. To constitute a person an

agent there must be consent on the part of the agent, either expressed by words or inferable from something done. But in this case there appears to have been neither. We think that the demurrer was rightly sustained.

III. The note by its terms was to draw interest from date, if not paid when due: The answer showed that the money was deposited at Iconium and the plaintiff notified thereof before the note became due. The defendant contends that the deposit and notification at least should have had the effect to prevent the note from drawing interest. But the note by its terms was to draw interest unless paid when due. In the view which we have taken it was not paid at all. We think that the court did not err in rendering judgment for interest.

AFFIRMED.